UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| TIMOTHY CECIL MILLER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6: 20-176-WOB |
| ) | |
| V. ) | |
| ) | |
| OFFICER MIKE BRUMMETT, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Timothy Cecil Miller previously filed a civil complaint pursuant to 42 U.S.C. § 1983 based upon events surrounding his May 8, 2020 arrest in Rockcastle County, Kentucky. [R. 1] After reviewing Miller's complaint, the Court found that Miller's claims all clearly relate to ongoing state criminal proceedings pending in the Rockcastle County Circuit Court in *Commonwealth v. Timothy Cecil Miller*, No. 20-CR-00059 (Rockcastle Cir. Ct. 2020) (charging Miller with one count of second degree assault on a police officer in violation of K.R.S. § 508.020, one count of first degree fleeing or evading police on foot in violation of K.R.S. § 520.095, and one count of resisting arrest in violation of K.R.S. § 520.090).[1] [R. 7] Thus, the Court found that abstention from its exercise of jurisdiction over Miller's claims was warranted under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). [*Id.*]

However, because Miller's complaint included a demand for monetary damages, the Court stayed, rather than dismissed, Miller's claims. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996); *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995). The Court specified that the

---

[1] At the time that he filed his complaint, Miller also had criminal charges pending against him for violating probation in *Commonwealth v. Timothy Cecil Miller*, No. 19-CR-00177 (Rockcastle Cir. Ct. 2019).

-1-

stay would remain in place during the pendency of Miller's state criminal proceedings and the litigation of this matter would resume after those proceedings were resolved. However, to keep this Court informed of the status of Miller's criminal proceedings, the Court directed Miller to file a Status Report every 90 days indicating whether Miller's criminal matters remained pending and, if resolved, how. [R. 7] Miller was specifically warned that "[f]ailure to provide the Court with these status reports may result in Miller's civil rights claims being dismissed without prejudice for failure to prosecute." [*Id*. at p. 5] This warning was repeated in the Court's January 8, 2021 Order regarding the sufficiency of the Status Reports being filed by Miller. [R. 11]

However, a recent review of the Kentucky Court of Justice's online Court Records shows that in December 2022, pursuant to a plea agreement, Miller pled guilty to first degree wanton endangerment (amended from his prior charge of second degree assault on a police officer) and his charges of fleeing or evading police and resisting arrest were dismissed. A Judgment was entered in Miller's state criminal case on January 17, 2023. *Commonwealth v. Timothy Cecil Miller*, No. 20-CR-00059 (Rockcastle Cir. Ct. 2020).[2] Despite the resolution of Miller's state criminal proceedings over six and half months ago, Miller has failed to file any Status Report with this Court. In fact, notwithstanding Miller's obligation to file a Status Report every 90 days, the last filing received by the Court was a letter dated November 12, 2022, from Miller's Case Manager at the Springhill ARC advising that Miller's final court date was scheduled for December 9, 2022. [R. 25] This letter was filed on December 7, 2022, over 230 days ago. [*Id*.]

---

[2]*See* https://kcoj.kycourts.net/CourtNet (last accessed on August 3, 2023). The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

A court has an obligation to ensure that cases pending before it are processed in a timely manner, because of the court's own need to manage its docket, the public's interest in the prompt resolution of litigation, and because a plaintiff's failure to actively pursue his claims may prejudice a defendant's ability to counter them. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Therefore, Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for the failure of a plaintiff to prosecute his claims, or to comply with the Rules or any order of the court. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). However, because dismissal of an action deprives the plaintiff of an opportunity for an adjudication on the merits, this harsh sanction should be sparingly applied, as in cases where the plaintiff's conduct is willful or no lesser sanction is plausible. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

In determining whether to dismiss a case for failure to prosecute, the Sixth Circuit has directed courts to consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first and third factors, a court may consider a party's failure to act in the face of a clear prior warning from the court that the case would be dismissed as an indication of willful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. March 21, 1994) (*citing Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Here, Miller has failed to file the required report advising the Court of the status of his state criminal proceedings, notwithstanding the Court's clear warnings that this failure would result in dismissal of this case.

Moreover, Miller's failure to timely update this Court has resulted in a delay in this matter that will prejudice the Defendants' ability to counter Miller's claims. Finally, the fact that Miller's criminal proceedings were resolved by his guilty plea entered over six and half months ago and Miller has taken no steps to inform this Court suggests that he does not intend to pursue this matter further, thus the imposition of lesser sanctions, such as monetary or other penalties, would be meaningless.

Thus, evaluating all of these factors, the Court concludes that dismissal of Miller's complaint is warranted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

For all of the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The stay previously imposed in this matter [R. 7] is **LIFTED**;

2. Miller's Complaint [R. 1] is **DISMISSED** for failure to prosecute and for failure to comply with an Order of the Court.

3. The Court will enter an appropriate Judgment.

4. This matter is **STRICKEN** from the Court's docket.

This the 7th day of August, 2023.



Signed By:
**William O. Bertelsman** WOB
United States District Judge